**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4754

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

 v.

MAURICE SPRIGGS,

 Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:09-cr-00361-WDQ-1)

Submitted: October 28, 2011          Decided: November 4, 2011

Before KING, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Meghan S. Skelton, Staff Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Cheryl L. Crumpton, Tonya Kelly Kowitz, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Maurice Spriggs was convicted of armed carjacking (Count One), in violation of 18 U.S.C. § 2119 (2006); brandishing a firearm during and in relation to the carjacking (Count Two), in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006); and possessing a firearm as a convicted felon (Count Three), in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Spriggs as a career offender and an armed career criminal, imposing consecutive sentences of 180 months each on Counts One and Three and 84 months on Count Two, for a total term of imprisonment of 444 months. In this appeal, Spriggs argues that the Government engaged in misconduct during closing argument and that his sentence is procedurally and substantively unreasonable. We affirm.

A claim of prosecutorial misconduct "presents a mixed question of law and fact, and we review the district court's factual findings for clear error and its legal determinations de novo." United States v. Washington, 398 F.3d 306, 310 (4th Cir. 2005). To succeed on a claim of prosecutorial misconduct, a defendant must show, first, that the prosecutor's remarks were improper and, second, that "the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." United States v. Lighty, 616 F.3d 321, 359 (4th

Cir. 2010), cert. denied, __ U.S. __, 79 U.S.L.W. 3480, 80 U.S.L.W. 3015 (U.S. Oct. 17, 2011) (No. 10-1010).

Spriggs contends that the Government's statement during rebuttal that the jury had heard "zero evidence" supporting the defense's theory of the case was improper and shifted the burden of proof to the defense. "In considering whether a prosecutor's words constitute a comment on the defendant's failure to testify," we consider whether the language used either was "manifestly intended to be[] or was . . . of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." United States v. Jones, 471 F.3d 535, 542 (4th Cir. 2006) (internal quotation marks omitted). The comments are evaluated "in the context in which [they were] made." Id. (internal quotation marks omitted).

In closing argument, the defense asserted that Spriggs was legitimately in possession of the victim's car, hypothesized that the victim was dealing drugs on the night in question, and suggested that the victim's 911 call was motivated by something other than a carjacking. We conclude that the Government's statements were not improper. See United States v. Loayza, 107 F.3d 257, 263 (4th Cir. 1997) ("It would have been entirely appropriate for the prosecutor to argue during summation that the defense version of the events at issue 'were not even close'

to the evidence presented."). The context in which the argument was made reveals that the Government's statements were not intended and would not be naturally taken as a comment on Spriggs' failure to testify, but as a response to the defense characterization of the victim's testimony.

Alternatively, Spriggs argues that the Government's statements constituted misconduct because they were factually inaccurate, and that the cross-examination of the victim supplied evidence supporting the defense theory of the case. Although the defense effectively tested the victim's credibility, the Government did not misstate the facts, and, as the district court instructed, counsel's questions containing factual assumptions are not evidence of those facts. Thus, Spriggs' prosecutorial misconduct claim fails.

We now turn to our review of Spriggs' sentence. We review sentences for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments

4

presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. A sentence is reviewed for substantive reasonableness by examining "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id.; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). This court presumes that a sentence within a properly determined advisory Guidelines range is substantively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Spriggs asserts that the district court committed procedural errors in sentencing him. First, he argues that the district court never identified the base offense level or the Guidelines range. However, the presentence report indicated that Spriggs' Guidelines range was a term of imprisonment from 360 months to life based on his classification as a career offender and an armed career criminal. After sustaining one objection but overruling Spriggs' remaining objections to certain predicate offenses used to enhance his sentence, the district court determined that Spriggs had at least four felony drug-trafficking convictions to support sentencing him as a career offender and an armed career criminal. We therefore conclude that Spriggs was adequately apprised of the effect of the Guidelines and the statutory enhancement on his sentence.

5

Next, Spriggs argues that the district court never explained why the selected sentence was sufficient but not greater than necessary to reflect the purposes of sentencing, and that the court did not consider all of the § 3553(a) factors.[*] At sentencing, Spriggs requested a sentence of 20.5 years, reflecting a Guidelines sentence in the absence of career offender or armed career criminal enhancements. Referencing the § 3553(a) sentencing factors, Spriggs argued that he was compliant when he was arrested and that the mandatory minimum and 360-month-to-life Guidelines range were excessive. Our review of the record leads us to conclude that the district court adequately discharged its responsibility to explain the sentence imposed with sufficient detail to allow for meaningful appellate review. See United States v. Carter, 564 F.3d 325, 329-30 (4th Cir. 2009). Thus, the district court did not commit any procedural error in sentencing Spriggs.

Lastly, Spriggs contends that his sentence is substantively unreasonable. The district court responded to Spriggs' sentencing arguments and, after considering the sentencing factors delineated in § 3553(a), imposed a within-

_____

[*] Spriggs also argues that the district court failed to explain why it varied above the Guidelines range. As discussed above, however, Spriggs' Guidelines range was 360 months to life, and his 444-month sentence is within that range.

6

Guidelines sentence of 444 months' imprisonment. We therefore conclude that Spriggs has failed to rebut the presumption we apply to his within-Guidelines sentence. See United States v. Allen, 491 F.3d 178, 183 (4th Cir. 2007).

We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED